ERWIN PROPERTIES, INC., PETITIONER, *v.* COMMISSIONER OF INTERNAL
REVENUE, RESPONDENT

Docket No. 4024–63.    Filed March 24, 1965.

*Jules Silk*, for the petitioner.
*Dennis C. DeBerry*, for the respondent.

#### OPINION

BLACK, *Judge:* Petitioner is a corporation which became a member of an affiliated group of corporations on May 1, 1959. Petitioner had previously filed its income tax returns on a calendar year basis. The affiliated group of corporations filed a consolidated return for the fiscal year ended April 30, 1960, in 1960. Pursuant to section 1.1502–13(g), Income Tax Regs., petitioner filed a return on June 6, 1960, for the short period January 1, 1959, to April 30, 1959, reporting net income of $23,264.57 on which there was a tax due of $6,979.37 which petitioner paid.

The Commissioner has determined that under the provisions of section 443(b)(1), I.R.C. 1954, petitioner is required to annualize its income, resulting in a tax for the short period of $10,264.24, giving rise to the deficiency of $3,284.87.

The only issue for determination is whether section 443(b)(1) is applicable, thereby requiring petitioner to annualize its income.

A stipulation of facts, together with several exhibits attached thereto, was filed at the hearing and is incorporated herein by this reference. The following is a summary of the facts stipulated:

Petitioner corporation, incorporated under the laws of the Commonwealth of Pennsylvania, filed a short-period return, January 1 to April 30, 1959, with the district director of internal revenue at Philadelphia, Pa. Petitioner's income tax return for 1958 was filed on a calendar year basis.

South Village Properties, Inc., hereinafter sometimes referred to as South Village, a corporation incorporated under the laws of the Commonwealth of Pennsylvania, owned 79 percent of petitioner's outstanding stock and it acquired the remaining 21 percent of petitioner's outstanding stock on May 1, 1959. South Village's income tax return in 1959 was filed on a fiscal year basis ending April 30. A consolidated return was filed by South Village, petitioner, and other sub-

sidiaries for the taxable year ended April 30, 1960, as well as an election by petitioner to so file attached to said consolidated return.

Petitioner filed a request to change its annual accounting period from a calendar year to a fiscal year basis ending April 30 as required by appropriate regulations promulgated under the consolidated return section of the 1954 Code.

There is no dispute between the parties that the income tax return of petitioner for the short period, January 1 to April 30, 1959, correctly reported petitioner's income for that period and that it paid the tax thereon. The Commissioner, however, in his determination of the deficiency has held that petitioner should have annualized its income for such short period and that such annualization results in an increased income and he has determined a deficiency of $3,284.87 based on such increased income.

Petitioner argues that section 1.1502–13(g), Income Tax Regs., required it to file a return for its short period, January 1 to April 30, 1959, and that there was no requirement for the annualization of petitioner's income for this short period. The pertinent portion of section 1.1502–13(g) reads as follows:

Sec. 1.1502–13 Change in affiliated group during taxable year.[1]

(a) *General rule.* Except as hereinafter provided, a consolidated return must include the income of the common parent corporation and of each subsidiary for the entire taxable year of the affiliated group.

\* \* \* \* \* \* \*

(g) *Separate returns for periods not included in consolidated return.* If a corporation, during its taxable year (determined without regard to the affiliation), becomes a member of an affiliated group, its income for the portion of such taxable year not included in the consolidated return of such group must be included in a separate return \* \* \* [Footnote omitted.]

Respondent relies on section 443 of the 1954 Code, the pertinent parts of which read as follows:

SEC. 443. RETURNS FOR A PERIOD OF LESS THAN 12 MONTHS.

(a) RETURNS FOR SHORT PERIOD.—A return for a period of less than 12 months (referred to in this section as "short period") shall be made under any of the following circumstances:

(1) CHANGE OF ANNUAL ACCOUNTING PERIOD.—When the taxpayer, with the approval of the Secretary or his delegate, changes his annual accounting period. In such a case, the return shall be made for the short period beginning on the day after the close of the former taxable year and ending at the close of the day before the day designated as the first day of the new taxable year.

\* \* \* \* \* \* \*

(b) COMPUTATION OF TAX ON CHANGE OF ANNUAL ACCOUNTING PERIOD.—

(1) GENERAL RULE.—If a return is made under paragraph (1) of subsection (a), the taxable income for the short period shall be placed on an annual basis by multiplying such income by 12 and dividing the result by the number of months in the short period. The tax shall be the same part of the tax computed on the annual basis as the number of months in the short period is of 12 months.

We think that under the facts of this case petitioner should be sustained. It seems clear to us that section 1.1502–13(g) applies and that in filing its return for the short period, January 1 to April 30, 1959, petitioner complied with such regulation and the regulation did not require annualization of its income for the short period.

It is, of course, true that there are circumstances, where a taxpayer has sought to change its accounting period without respect to the question of affiliation from a calendar year basis to a fiscal year basis, that annualization of income will be required. For example, if petitioner, without regard to the question of a consolidated return filed by affiliated corporations, had requested under section 443(a)(1) quoted above the privilege of changing its accounting period from a calendar year to a fiscal year, the return required for the short period would have to be annualized under section 443(b)(1). The Commissioner would require that that be done when he granted the taxpayer permission to change from a calendar year to a fiscal year basis. But that is not the case here. Under the facts of this case which have been fully stipulated petitioner meets what is required of it when it files a return for the short period, January 1, 1959, to and including April 30, 1959, as required by section 1.1502–13(g), which does not require petitioner to annualize its income for the short period involved.

In reaching our conclusion above stated, we have considered Rev. Rul. 55–566, 1955–2 C.B. 580, and Rev. Rul. 57–602, 1957–2 C.B. 611, which latter revenue ruling reversed the Commissioner's Rev. Rul. 55–566, 1955–2 C.B. 580. We have not discussed these respective revenue rulings because it would unnecessarily prolong this opinion. It is a statute enacted by the Congress of the United States which we are called upon to construe and we have endeavored to construe the statute correctly. This, we think, we have done.

For the reasons which we have stated in our report we do not believe section 443(b)(1) of the 1954 Code requires that petitioner's income for the short period, January 1, 1959, to April 30, 1959, be annualized. We sustain petitioner on this, the only issue there is in the case.

*Decision will be entered for the petitioner.*